UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TAMMY B., <br>     Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner <br> of the Social Security Administration, <br>     Defendant. | CAUSE NO.: 1:21-CV-351-JVB |

**OPINION AND ORDER**

Plaintiff Tammy B. seeks judicial review of the Social Security Commissioner's decision denying her application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency for further administrative proceedings. For the reasons below, the Court grants Plaintiff's request and reverses the Administrative Law Judge's decision.

**PROCEDURAL BACKGROUND**

In Plaintiff's November 27, 2018 application for benefits, she alleged that she became disabled on May 12, 2018. After a February 4, 2021 hearing, the Administrative Law Judge (ALJ) issued her decision on April 2, 2021, finding that Plaintiff had engaged in substantial gainful activity (SGA) during three separate periods since May 12, 2018, the alleged disability onset date. (AR 17). "[O]ut of an abundance of caution," the ALJ left this matter as a "significant question" that remained unresolved and also found that Plaintiff had the severe impairments of degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine status post fusions at the L3-L5s, and sinus tachycardia/congestive heart failure/non-ischemic cardiomyopathy. (AR 18). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and further determined that Plaintiff had the residual functional capacity to perform the full range of light work as defined in 20 C.F.R.

§ 404.1567(b). (AR 19-20). The ALJ determined that Plaintiff was capable of performing her past relevant work as a photo counter attendant and cashier/checker. (AR 25-26). Accordingly, the ALJ found Plaintiff to not be disabled from May 12, 2018, through April 2, 2021, which is the date of the ALJ's decision. (AR 26). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act. 20 C.F.R. § 1520(a)(4). The first step is determining whether the claimant is engaged in substantial gainful activity. If the claimant is, then the claimant is determined to be not disabled. *Id.* at § 1520(a)(4)(i). The remaining steps are:

> whether the claimant has a severe impairment; whether the claimant's impairment is one that the Commissioner considers conclusively disabling; if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (index numbers omitted). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

### A. Step 1

A threshold question that this Court must answer is whether the ALJ's decision can be affirmed based on step 1. All of Plaintiff's arguments for reversing the ALJ's decision pertain to findings at later steps, and the Commissioner argues that step 1 is dispositive.

The ALJ found that Plaintiff engaged in three periods of substantial gainful activity (SGA): (1) from March 8, 2019, to June/July 2019, (2) from October 22, 2019, to February 2020, and (3) from April 2020 to May 2020.

Plaintiff concedes that she had worked part-time during periods in 2019 and 2020 and that she had trouble remember the specific date she stopped working in 2020 because she was sick and hospitalized intermittently during the first four months of 2020. (Pl.'s Br. 6, ECF No. 12 (citing AR 39-42, 59)).[1] Plaintiff also acknowledges that the ALJ found that Plaintiff engaged in substantial gainful activity at three separate periods. (Pl.'s Br. 7, ECF No. 12).

However, Plaintiff asserts that these periods were unsuccessful work attempts that lasted less than six months and ended due to Plaintiff's impairments. As such, Plaintiff argues that it was improper for the ALJ to hold the work attempts against her. *See* 20 C.F.R. § 404.1574(c). The Commissioner counters that this point is underdeveloped, addressing only work duration and not showing that her work satisfied all of the regulatory criteria of unsuccessful work attempts.

---

[1] Though the Court uses the page numbering assigned by the agency for the administrative record, the Court uses the page number assigned by the Court's CM/ECF system for the parties' briefs.

3

The relevant regulation states that the Commissioner considers "work of 6 months or less to be an unsuccessful work attempt if you stopped working . . . because of your impairment . . . ." 20 C.F.R. § 404.1574(c)(3). The three periods of work activity at SGA levels are all shorter than six months.

Plaintiff testified that she had worked for Family Dollar in 2019 and 2020 but ceased working there due to an inability to perform the standing and lifting required for that job. (AR 38-41, 59). The ALJ did not provide any indication that she considered whether she accepted Plaintiff's testimony and determined the work at Family Dollar to be an unsuccessful work attempt. The administrative record reflects that her wages in the second quarter of 2020 were from employer Family Dollar Stores, Inc. (AR 249, 254).

Thus, the record does not adequately explain whether there was a sustained twelve month period beginning after July 2019 and ending on or before the date of the ALJ's decision during which Plaintiff was unable to engage in substantial gainful activity due to a medical condition enduring twelve months despite treatment. The Court cannot uphold the ALJ's decision based on step 1 alone. The ALJ appears to have suspected this to be the case, as "in an abundance of caution, [she proceeded] with a decision based on the medical/functional merits of the claimant's alleged impairments." (AR 18). Indeed, the very fact that the ALJ progressed in the sequential process appears to be an implicit finding that the ALJ found step 1 to be inconclusive regarding disability. *See* 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.").

### B. Assessment of Plaintiff's Impairments

Plaintiff argues that the ALJ made errors in determining the degree of Plaintiff's impairments. Plaintiff takes issue with aspects of how the ALJ developed the record, evaluated

opinion evidence from orthopedic surgeon Dr. Shugart and the New York Heart Association Classification Rating from cardiac nurse practitioner Ms. Nwakanma, and evaluated Plaintiff's subjective symptoms.

### 1. Development of the Record

Plaintiff faults the ALJ for not having a mental status examination of Plaintiff completed. The state agency consultants indicated that such an examination was needed. (AR 70, 79). The record notes that neither Plaintiff nor her third party had completed function reports and that a mental status evaluation would be necessary if the reports were received. (AR 70, 79). The function reports were not sent in, and phone calls were not returned. (AR 71). Plaintiff's failure to cooperate was the reason why no consultative examinations were completed. (AR 70, 79).

The regulations provide that, when a claimant does not provide the evidence requested by the agency, the agency renders a decision based on the information available to it. 20 C.F.R. § 404.1516. The evidence indicates that Plaintiff did not return her function report, but it is unclear why this would have prevented the Commissioner from having a consultative examination performed. The record also states that Plaintiff did not return phone calls, but it is unclear whether the phone calls were in regard to the function reports or a consultative examination.

Ultimately, the Court need not resolve the question of whether the failure to complete function reports or return phone calls of an unidentified nature absolves the Commissioner of any duty to develop the record in the form of a consultative examination or mental status evaluation, as an independent issue mandates remand of this matter.

### 2. Medical Opinions

"A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or

5

restrictions in the following abilities:" performing physical demands of work activities (e.g., sitting, standing); performing mental demands of work activities (e.g., understanding, remembering); performing other demands of work (e.g., seeing, hearing); and, adapting to environmental conditions (e.g., temperature extremes, fumes). 20 C.F.R. § 404.1513(a)(2).

Plaintiff argues that the ALJ failed to evaluate opinions of Dr. Shugart and Nurse Practitioner Ms. Nwakanma. The Commissioner counters that the pieces of the record at issue are not medical opinions. Plaintiff insists that Dr. Shugart opined that Plaintiff was unable to perform the standing and lifting requirements of her Walmart job, *see* (AR 463), and that NP Nwakanma's assessment of a New York Heart Classification (NYHC) of 2 was a medical opinion, *see* (AR 584).

Regarding NP Nwakanma's NYHC assessment, this is not a medical opinion. In the context of the assessment and plan portion of notes from an office visit, NP Nwakanma stated simply: "[s]ymptoms consistent with NYHA class II" in describing Plaintiff's heart failure with reduced ejection fraction. (AR 584). The nurse practitioner did not state anything more about Plaintiff's abilities or limitations in performing work. The ALJ did not err by not treating this note as a medical opinion.

On May 15, 2018, Dr. Shugart wrote "[Plaintiff] will be off work until she is able to return because she will do some lifting at Wal-Mart." (AR 463). The Court finds that Dr. Shugart's statement is a medical opinion regarding Plaintiff's ability to perform the lifting required for her job at Wal-Mart due to her spondylolisthesis and stenosis at L2-L3. (AR 462-63).

When an ALJ evaluates medical opinions, the most important factors to consider are supportability and consistency, and the remaining factors are relationship with the claimant, specialization, and "other factors." 20 C.F.R. § 404.1520c. "Supportability" considers to what extent an opinion is based on objective medical evidence and supporting explanations. 20 C.F.R.

6

§ 404.1520c(c)(1). "Consistency" considers to what extent an opinion is consistent with the evidence from other sources. 20 C.F.R. § 404.1520c(c)(2).

The ALJ addressed Dr. Shugart's opinion in her decision, noting that Plaintiff engaged in work at SGA levels twice after this statement, and concluding that Dr. Shugart's statement "is more advisory and clinically suggestive, as opposed to being clinically definitive." (AR 25).

This is problematic. First, as the Court noted in the above section on step 1, the ALJ did not provide any analysis regarding whether Plaintiff's periods of SGA were unsuccessful work attempts (and her continuation with the sequential process implies that they were). It is logically inconsistent to progress beyond step 1 and also to later conclude that Plaintiff has had successful work attempts at SGA levels.

Second, Dr. Shugart stated that Plaintiff could not perform the lifting required for her position at Wal-Mart. Dr. Shugart did not state that Plaintiff could not perform the requirements of every job in the economy. Plaintiff's wage information shows that she was paid only $94 by Wal-Mart Associates Inc. after June 2018. (AR 235). The ALJ did not compare the lifting required at Plaintiff's job a Wal-Mart, that is, "some" lifting of 5-10 pounds, (AR 466), with the lifting required at Plaintiff's later work attempts. Plaintiff's work history after the date of Dr. Shugart's opinion does nothing to undermine the opinion.

The ALJ also bases her disregard of Dr. Shugart's opinion on Plaintiff's lack of surgery as recommended by Dr. Shugart at the time he rendered his opinion. The record makes clear, though, that Plaintiff had a lapse in insurance due to a divorce. *See* (AR 646). A lack of insurance constitutes a logical reason to delay recommended medical treatment, especially one as potentially expensive as surgery, and the ALJ should have probed this matter further before using the lack of surgery to discredit Dr. Shugart's opinion.

In sum, the ALJ's analysis of Dr. Shugart's opinion is flawed. Her reasons to discount the opinion are logically inconsistent with prior aspects of her decision, she incorrectly extends the opinion from the inability to perform the lifting requirements of one job to the inability to perform the unexplained lifting requirements of another job, and she ignores the reality of the financial implications of taking on expense of surgery without medical insurance. Remand is required.

### 3. Subjective Symptoms

An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). An ALJ must consider a claimant's statements about their symptoms, including pain, and how these symptoms affect the claimant's activities of daily living and ability to work. 20 C.F.R. § 404.1529(a). ALJs must weigh the subjective complaints, the relevant objective medical evidence, and any other evidence of the following:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;
(7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3); *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). The "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2.

Plaintiff argues that the ALJ rested on her own lay opinion regarding the medical evidence and speculated that there was insufficient objective medical evidence to substantiate Plaintiff's reported symptoms. *See* (AR 22). However, the ALJ followed the above regulation in evaluating Plaintiff's symptoms. She considered daily activities, Plaintiff's physical complaints and treatment

8

(including surgeries), and ways that Plaintiff structures her activities to mitigate the effects of her impairments. *Id.*

Plaintiff asserts that the ALJ should have considered the details of how Plaintiff performs her daily activities. The Commissioner responds that Plaintiff failed to complete the function report that would have provided those details. The Commissioner continues to correctly note that the ALJ addressed that Plaintiff uses a motorized cart when out shopping, mainly uses a microwave for cooking at home, and performs housekeeping in brief intervals. (AR 22).

Plaintiff also maintains that the ALJ did not explain the perceived inconsistency between her allegations of only being able to sit or stand for five minutes before needed to change positions and being able to walk only five steps before needing to stop and her travel to and from Florida for treatment, her work attempts, driving several times a week, shopping in stores, attending church, and living alone. While some of these reasons are stronger than others, the Court, in giving the ALJ the considerable deference that she is due, cannot find that the evaluation of Plaintiff's subjective symptoms is patently wrong. The Court will not disturb the ALJ's evaluation of Plaintiff's subjective symptoms.

## CONCLUSION

Due to the errors committed in evaluating the opinion of Dr. Shugart, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief in Support of Complaint to Reverse the Decision of the Commissioner of Social Security [DE 12], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings consistent with this opinion.

SO ORDERED on September 14, 2022.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT